**B 1 Official Form 1 (1/08)**

Voluntary Petition

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Triple Crown Media, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See Schedule 1 to Voluntary Petition** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):<br>**20-3012824** | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): |

| Street Address of Debtor (No. & Street, City, and State):<br><br>**725 Old Norcross Road**<br>**Lawrenceville, GA** | ZIP CODE<br>**30045** | Street Address of Joint Debtor (No. & Street, City, and State): | ZIP CODE |
|---|---|---|---|

| County of Residence or of the Principal Place of Business:<br>**Gwinnett** | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address):<br><br>**Same** | ZIP CODE | Mailing Address of Joint Debtor (if different from street address): | ZIP CODE |
|---|---|---|---|

Location of Principal Assets of Business Debtor (if different from street address above):

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box.) | **Nature of Business**<br>(Check one box.) | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7     ☐ Chapter 15 Petition for<br>☐ Chapter 9      Recognition of a Foreign<br>☒ Chapter 11     Main Proceeding<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for<br>           Recognition of a Foreign<br>           Nonmain Proceeding |

**Tax-Exempt Entity**
(Check box, if applicable.)
☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)
☐ Debts are primarily consumer debts defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☒ Debts are primarily business debts.

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☒ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to nsiders or affiliates) are less than $2,190,000<br>**Check all applicable boxes:**<br>☒ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**
☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to 10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 Million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 Million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Triple Crown Media, LLC** | |
|---|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: **See attached Rider A** | Case Number:<br>(Jointly Administered) | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)          Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
*(Check any applicable box)*

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification  by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes).*

☐ Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

           _____
           (Name of  landlord that obtained judgment)

           _____
           (Address of Landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification.  (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Triple Crown Media, LLC** |
|---|---|

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br>X _____<br>   Signature of Debtor<br>X _____<br>   Signature of Joint Debtor<br><br>_____<br>   Telephone Number (If not represented by attorney)<br>_____<br>   Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition.  A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   Signature of Foreign Representative<br>_____<br>   Printed Name of Foreign Representative<br>_____<br>   Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X **/s/Robert J. Dehney**<br>   Signature of Attorney for Debtor(s)<br>  **Robert J. Dehney**<br>   Printed Name of Attorney for Debtor(s)<br>  **Morris, Nichols, Arsht & Tunnell LLP**<br>   Firm Name<br>  **1201 N. Market St.**<br>  **PO Box 1347**<br>  **Wilmington, DE  19899-1347**<br>   Address<br>  **(302) 658-9200**<br>   Telephone Number<br>  **September 14, 2009**<br>   Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is correct. | I declare under penalty of perjury that:  1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.  Official form 19B is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br>X **/s/Mark G. Meikle**<br>   Signature of Authorized Individual<br><br>**Mark G. Meikle**<br>   Printed Name of Authorized Individual<br><br>**Executive Vice President and Chief Financial Officer, Triple Crown Media, Inc., its Sole Member**<br>   Title of Authorized Individual<br><br>**September 14, 2009**<br>   Date | _____<br>Address<br><br>X _____<br>_____<br>Date<br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both  11 U.S.C. § 110; 18 U.S.C. § 156.* |

# SCHEDULE 1

## Other Names Used by the Debtors

**Debtors:**

*Triple Crown Media, Inc.*
*Triple Crown Media, LLC*
*Gray Publishing, LLC*
*Capital Sports Properties, Inc.*
*BR Acquisition, Inc.*
*Datasouth Computer Corporation*
*BR Holding, Inc*

**Trade Names Currently in Use:**

*The Albany Herald*
*Rockdale Citizen*
*Newton Citizen*
*Gwinnett Daily Post*
*Clayton News Daily*
*Henry Daily Herald*
*Jackson Progress – Argus*
*Clayton News Weekly*

In addition to the above-listed Debtors and current trade names for the Debtors, the Debtors have been involved in several transactions over the last several years in which they have sold various entities. Among the list of entities that were formerly associated with Triple Crown, but are no longer part of the Triple Crown family of companies and are not Debtors or affiliates of Debtors in these bankruptcy proceedings are:

| | | | |
|---|---|---|---|
| Host Sports | (sold) | Furman Athletics Marketing | (sold) |
| HCI | (sold) | Jayhawk Sports Marketing | (sold) |
| Dave Campbell Texas Football | (sold) | Husker Sports Network | (sold) |
| Roundball Ruckus | (sold) | Oregon Sports Network | (sold) |
| 3-v-3 Soccer Tour | (sold) | Rice Sports Marketing | (sold) |
| Let it Fly Tour | (sold) | SoCon Sports Properties | (sold) |
| UK Sports Network | (sold) | Sports Communications | (sold) |
| Big Blue Sports Marketing | (sold) | Mainstreet Productions | (sold) |
| Vol Network | (sold) | Lexington Productions | (sold) |
| Longhorn Sports Network | (sold) | Wolverine Sports Network | (sold) |
| Hoop-it-Up International, Inc. | (sold) | HBCC | (sold) |
| Hoop-it-Up | (sold) | Artcraft Press | (sold) |
| Soccer Shootout | (sold) | Thoroughbred Press | (sold) |
| Pinnacle Sports Productions, Inc. | (sold) | Eagle Sports Marketing. | |
| Seminole Athletic Marketing | (sold) | Hilltoppers Sports Marketing | (sold) |
| Cowboy Sports Marketing | (sold) | Wildcats Sports Properties | (sold) |
| Goshen News | (trade name - sold) | | |
| Host Communications International SARL | (Dissolved) | | |
| Historically Black Collegiate Coalition ( sold) | | | |
| University of Michigan Sports Network | (sold) | | |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **TRIPLE CROWN MEDIA, INC.**, *et al.*,[1] | Case No. 09-_____  (   ) |
| Debtors. | |
| | Jointly Administered |

## Rider A

### Pending Bankruptcy Cases Filed by Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

> Triple Crown Media, Inc., a Delaware corporation
> Triple Crown Media, LLC, a Delaware limited liability company
> BR Acquisition Corp., a Georgia corporation,
> BR Holding, Inc., a Georgia corporation,
> Datasouth Computer Corporation, a Delaware corporation
> Gray Publishing, LLC, a Delaware limited liability company
> Capital Sports Properties, Inc., a Delaware corporation

3111847.1

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Triple Crown Media, Inc. (2824), Triple Crown Media, LLC (2824), BR Acquisition Corp. (8679), BR Holding, Inc. (7599), Datasouth Computer Corporation (9261), Gray Publishing, LLC (7061), and Capital Sports Properties, Inc. (6084). The service address for all of the Debtors for purposes of these chapter 11 cases is: 725 Old Norcross Road, Lawrenceville, GA 30045.

## OFFICER'S CERTIFICATE

The undersigned, Mark Meikle, hereby certifies that he is the duly elected, qualified and acting Chief Financial Officer and Secretary of Triple Crown Media, Inc, a Delaware corporation which is the sole member ("Sole Member") of Triple Crown Media, LLC, a Delaware limited liability company (the "Company"), and that as such, he is familiar with the facts herein certified and is duly authorized to certify the same and does hereby certify as follows:

1.      Attached hereto as Exhibit A is a true, accurate and complete copy of resolutions adopted by the Sole Member (the "Member Resolutions") (i) authorizing the Company to file for relief under Chapter 11 of the Bankruptcy Code, (ii) authorizing the Company to retain and employ various professionals to assist the Company in carrying out its duties under the Bankruptcy Code and any other matters relating to its Chapter 11 case, (iii) authorizing the Company to enter into a Restructuring Support Agreement with the Supporting Second Lien Lenders[1] and Wilmington Trust, FSB, as administrative and collateral agent for the Second Lien Lenders[2]; (iv) authorizing the Company to file and seek approval of a Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code; (v) giving Authorized Persons[3] the authority to take any and all actions necessary and appropriate to carry out the purpose and intent of the Member Resolutions, and (vi) ratifying and affirming certain acts of the Company's officers and employees taken prior to the adoption of the Member Resolutions.

2.      The Member Resolutions have not been modified and they remain in full force and effect as of the date of the filing of the bankruptcy petition.

IN WITNESS WHEREOF, the undersigned has set his hand this ___ day of September, 2009.

Mark Meikle, Chief Financial Officer &
Secretary
Triple Crown Media, Inc.

[1] As that term is defined in the Restructuring Support Agreement
[2] As that term is defined in the Restructuring Support Agreement
[3] As that term is defined in the authorizing resolutions attached hereto as Exhibit A

## TRIPLE CROWN MEDIA, LLC

## RESOLUTIONS OF THE SOLE MEMBER

## SEPTEMBER 11, 2009

---

## FILING FOR RELIEF UNDER CHAPTER 11

**WHEREAS,** upon careful consideration and after seeking alternative solutions, and contingent upon execution of the Restructuring Support Agreement[4] by the Supporting Second Lien Lenders[i] and Wilmington Trust, FSB, as administrative agent and collateral agent for the Second Lien Lenders[i], the sole member of the Company deems it advisable and in the best interests of the Company, its creditors, employees, and other interested parties, that the Company seeks a financial restructuring including the filing of a petition by the Company, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

## NOW THEREFORE, IT IS HEREBY

**RESOLVED,** that contingent upon execution of the Restructuring Support Agreement by the Supporting Second Lien Lenders and Wilmington Trust, FSB, as administrative agent and collateral agent for the Second Lien Lenders, the Company is authorized to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code on or about September 14, 2009;

**FURTHER RESOLVED,** that the officers of the Company, and such other employees of the Company as shall be designated from time to time (collectively, the "Authorized Persons"), be, and each of them hereby is, severally authorized, empowered and directed to perform or to cause to be performed, in the name and on behalf of the Company, such acts as such Authorized Persons shall deem necessary, appropriate or desirable in connection with the chapter 11 case of the Company; including without limitation, the filing of all petitions, schedules, lists, statements, applications, pleadings, and other papers;

**FURTHER RESOLVED,** that any and all acts lawfully done or actions lawfully taken by any and all Authorized Persons to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

**FURTHER RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, any and all Authorized Persons be, and each hereby is, authorized and directed to take or cause to be taken all such further actions, to execute and deliver or cause to be executed and delivered all such further certificates, agreements, instruments and documents in the name and on behalf of the Company, as a debtor and debtor-in-possession, and to incur all such fees

---

[4] As hereinafter defined.

and expenses as in their judgment shall be necessary or advisable in order to carry out fully the intents and purposes of these resolutions.

## RESTRUCTURING SUPPORT AGREEMENT

**WHEREAS,** the sole member of the Company deems it advisable and in the best interests of the Company, its creditors, employees, and other interested parties, in furtherance of the financial restructuring, for the Company to enter into a restructuring support agreement with the Supporting Second Lien Lenders[5] and Wilmington Trust, FSB, as administrative and collateral agent for the Second Lien Lenders[6], whereby the parties thereto agree to support a pre-arranged financial restructuring of the Company (the "Restructuring Support Agreement");

**NOW THEREFORE, IT IS HEREBY**

**RESOLVED,** that the form, terms and provisions of the Restructuring Support Agreement and the performance of the Company of its obligations thereunder be, and hereby are, in all respects, authorized, adopted and approved;

**FURTHER RESOLVED,** that any and all Authorized Persons be, and each hereby is, authorized, directed, and empowered, either jointly or severally, for and on behalf of and in the name of the Company, to execute and deliver the Restructuring Support Agreement in substantially the form as provided to Company's sole member with such amendments as are approved from time to time by such Authorized Person(s) with the advice of counsel at this time or at any other time and to perform, or cause the Company to perform its obligations thereunder.

## PLAN OF REORGANIZATION

**WHEREAS,** the sole member of the Company deems it advisable and in the best interests of the Company, its creditors, employees, and other interested parties that the Company seek approval of a Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), which provides, among other things, that (i) the First Lien Credit Facility[7] will remain unaltered; (ii) that the Second Lien Credit Facility[8] will be extinguished and replaced with a modified $10 million second lien credit facility; in addition, the remaining balance of the Second Lien Credit Facility will be converted to a 90% equity interest in the Reorganized Triple Crown[9]; (iii) the stock of the Triple Crown Media, Inc., including its Series A Preferred Stock, Series B Preferred Stock and Common Stock, will be extinguished, and the holders of Series A Preferred Stock will receive a 5% equity interest in the Reorganized Triple Crown, provided they vote to adopt the Plan; (iv) the holders of general unsecured claims will be paid in the ordinary course of business; and (v) 5% of the outstanding shares of Reorganized Triple Crown will be allocated to a management incentive plan;

**NOW THEREFORE, IT IS HEREBY**

---

[5] As that term is defined in the Restructuring Support Agreement.
[6] As that term is defined in the Restructuring Support Agreement.
[7] As that term is defined in the Plan.
[8] As that term is defined in the Plan.
[9] As that term is defined in the Plan.

**RESOLVED, RESOLVED,** that the form, terms and provisions of the Plan and the performance of the Company of its obligations thereunder be, and hereby are, in all respects, authorized, adopted and approved;

**FURTHER RESOLVED,** that any and all Authorized Persons be, and each hereby is, authorized, directed, and empowered, either jointly or severally, for and on behalf of and in the name of the Company, to (i) file and seek approval of the Plan in substantially the form as provided to the sole member of the Company with such amendments as are approved from time to time by such Authorized Person(s) with the advice of counsel at this time or at any other time; (ii) take any and all further acts and make any further filings as may be necessary to effectuate the approval of the Plan; and (iii) perform, or cause the Company to perform its obligations under the Plan.

## RETENTION OF PROFESSIONALS

**WHEREAS,** in order to facilitate the filing of a petition by the Company, seeking relief under the provisions of chapter 11 of the Bankruptcy Code, it is in the best interests of the Company to retain and employ assistance by attorneys, financial advisors, investment bankers, accountants, and other professionals as required;

**NOW THEREFORE, IT IS HEREBY**

**RESOLVED,** that the employment of the law firm of Dinsmore & Shohl LLP as general bankruptcy counsel to the Company to represent, advise and assist the Company in carrying out its duties under the Bankruptcy Code and any other matters related to the chapter 11 case, and to take any and all actions to advance the Company's rights, including filing any pleading, and in connection therewith, hereby is, ratified and approved;

**FURTHER RESOLVED,** that the Authorized Persons, jointly or severally, are hereby authorized and directed to pay any and all additional retainers prior to and immediately upon the filing of the chapter 11 case (subject to approval of the Bankruptcy Court), and to cause to be filed an appropriate application for authority to retain the services of Dinsmore & Shohl LLP;

**FURTHER RESOLVED,** that the employment of the law firm of Morris, Nichols, Arsht & Tunnell LLP to serve as local counsel for the Company in the State of Delaware to represent, advise and assist the Company in carrying out its duties under the Bankruptcy Code and any other matters related to the chapter 11 case, and to take any and all actions to advance the Company's rights, including filing any pleading, and in connection therewith, hereby is, ratified and approved;

**FURTHER RESOLVED,** that the Authorized Persons, jointly or severally, are hereby authorized and directed to pay any and all additional retainers prior to and immediately upon the filing of the chapter 11 case (subject to approval of the Bankruptcy Court), and to cause to be filed an appropriate application for authority to retain the services of Morris, Nichols, Arsht & Tunnell LLP;

**FURTHER RESOLVED,** that the employment of the firm of Caymus Partners, LLC as investment banker and special financial advisor to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company, hereby is, ratified and approved;

**FURTHER RESOLVED,** that the Authorized Persons, jointly or severally, are hereby authorized and directed to pay any and all additional retainers prior to and immediately upon the filing of the chapter 11 case (subject to approval of the Bankruptcy Court), and to cause to be filed an appropriate application for authority to retain the services of Caymus Partners, LLC;

**FURTHER RESOLVED,** that the Company is hereby authorized to hire any additional professionals that it deems necessary or appropriate to carry out its duties under the chapter 11 filing; and

**FURTHER RESOLVED,** that the Authorized Persons, jointly or severally, are hereby authorized and directed to execute any appropriate retention agreements, pay appropriate retainers, and cause to be filed any appropriate applications for authority to retain the services of any such other professionals.

## CHANGE OF ADMINISTRATIVE AGENT

**WHEREAS,** Wachovia Bank, N.A. notified the Company on August 11, 2009 of its resignation as the Administrative and Collateral Agent under the First Lien Secured Credit Agreement dated December 30, 2005, as amended, effective no later than September 25, 2009;

**WHEREAS,** Deutsche Bank Trust Company Americas has been appointed as the Successor to Wachovia.

**NOW THEREFORE, IT IS HEREBY**

**RESOLVED,** that the form, terms and provisions of the Instrument of Appointment and Acceptance by and among Triple Crown Media, LLC, Wachovia Bank, N.A., Deutsche Bank Trust Company Americas, GoldenTree Credit Opportunities Financing I, Ltd., GoldenTree 2004 Trust and **[TO BE DETERMINED]**, each as lenders, in substantially the form, as provided to the sole member of the Company, is hereby authorized, adopted and approved;

**FURTHER RESOLVED,** that any and all Authorized Person(s) be, and each hereby is, authorized, directed and empowered, either jointly or severally, for and on behalf of and in the name of the Company, to execute and deliver the Instrument of Appointment and Acceptance in substantially the form as provided to the sole member of the Company with such amendments as are approved from time to time by such Authorized Person(s) with the advice of counsel at this time or at any other time and to perform, or cause the Company to perform, its obligations thereunder.

## GENERAL

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, severally authorized, empowered and directed to perform or to cause to be performed, in the name and on behalf of the Company or otherwise, such acts, under the seal of the Company or otherwise, as such Authorized Persons shall deem necessary, appropriate or desirable in order to fully effectuate the intent of the foregoing resolutions;

**FURTHER RESOLVED**, that any acts of any Authorized Person which acts would have been authorized by the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, be, and each such act hereby is, severally ratified, confirmed, approved and adopted as an act in the name and on behalf of the Company; and

**FURTHER RESOLVED**, that a copy of these resolutions shall be kept in the Company's minute book.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>**TRIPLE CROWN MEDIA, INC.,** *et al.*[1]<br>**Debtors.** | **Chapter 11**<br><br>**Case No. 09-_____**<br><br>**Jointly Administered** |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## 30 LARGEST UNSECURED CLAIMS

Triple Crown Media, Inc. hereby files a consolidated list of its largest unsecured creditors, based on the books and records of the Debtors as of approximately September 11, 2009 (the "Top 30 List"). The Top 30 List was prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' Chapter 11 case. The Top 30 List does not include (1) persons who fall within the definition of "insider" set forth in 11 U.S.C. §101; or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The failure of the Debtors to list the claim as contingent, unliquidated or unknown does not constitute a waiver of the Debtors' right to contest the validity, priority, and/or amount of the claim.

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicated if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Abitibi Consolidated Sales Corp | 1228 Paysphere Circle<br>Chicago, IL 60674<br>Fax: 514-875-3222 | Trade |  | $100,673.19 |

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Triple Crown Media, Inc. (2824), Triple Crown Media, LLC (2824), BR Acquisition Corp. (8679), BR Holding, Inc. (7599), Datasouth Computer Corporation (9261), Gray Publishing, LLC (7061), and Capital Sports Properties, Inc. (6084). The service address for all of the Debtors for purposes of these chapter 11 cases is: 725 Old Norcross Road, Lawrenceville, GA 30045.

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicated if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Bowater Incorporated | 14726 Collections Center Dr. Chicago, IL 60693 Fax: 864-282-9591 | Trade | | 13,787.13 |
| Konica Minolta | LB78240 PO Box 78000 Detroit, MI 48278-0240 Fax: 201-825-7331 | Trade | | 9,019.35 |
| Pro Search and Pro Temps | PO Box 72305 Atlanta, GA 31139-5914 Fax: 770-434-6627 | Trade | | 7,770.20 |
| Office Depot | PO Box 633211 Cincinnati, OH 45263-3211 Fax: 561-438-4464 | Trade | | 6,307.65 |
| Pitney Bowes Purchase Powe | 5101 Interchange Way Louisville, KY 40229 Fax: | Trade | | 6,119.76 |
| Gwinnett Chamber of Commerce | 6500 Sugarloaf Pkey Duluth, GA 30097 Fax: 770-232-8807 | Trade | | 5,000.00 |
| AFLAC | Remittance Processing Center 1932 Wynnton Road Columbus, GA 31999-0797 Fax: 877-442-3522 | Trade | | 3,777.66 |
| AT&T/Atlanta | PO Box 105262 Atlanta, GA 30348-5262 Fax: 404-986-1800 | Trade | | 3,587.97 |
| Wright-Whetstone, LLC | PO Box 2719 Attn: Legal Dept Fax: 770-254-0974 | Trade | | 2,575.11 |
| Adico, Inc. | 2382 Faraday Avenue Ste 350 Carlsbad, CA 92008 Fax: 760-602-9260 | Trade | | 2,350.00 |
| Thorton Brothers, Inc. | PO Box 80366 Athens, GA 30608 Fax: 706-543-0935 | Trade | | 2,172.18 |
| SASI | PO Box 8187 Charlottesville, VA Fax: | Trade | | 2,113.31 |
| Words & Wares Inc. | 1631 Green Oak Circle Ste G Lawrenceville, GA 30043 Fax: 770-513-6134 | Trade | | 2,108.34 |
| Canon Financial Services, Inc. | 14904 Collections Center Dr Chicago, IL 60693 Fax: 856-387-3107 | Trade | | 2,076.96 |
| Lawrenceville Postmaster | 35 Patterson Rd. Lawrenceville, GA 30044 Fax: 770-513-4551 | Trade | | 1,950.00 |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicated if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Select Staffing | Koosharem Corp.<br>24223 Network Place<br>Chicago, IL 60673-1242<br>Fax: 805-898-7111 | Trade | | 1,923.93 |
| Photo Barn Inc. | 4400 Business Park Ct.<br>Lilburn, GA 30047<br>Fax: 770-923-0144 | Trade | | 1,799.95 |
| Insight | PO Box 731069<br>Dallas, TX 75373-1069<br>Fax: | Trade | | 1,747.17 |
| Johnson Controls | PO Box 905240<br>Charlotte, NC 28290<br>Fax: 414-524-2828 | Trade | | 1,716.54 |
| Spirit Service Co | PO Box 28506<br>Columbus, OH 43228<br>Fax: 301-223-1253 | Trade | | 1,674.32 |
| Jon Estes | 213 Woodstone Circle<br>Albany, GA 31701<br>Fax: 229-436-7998 | Trade | | 1,645.00 |
| Universal Press Syndicate | PO Box 419149<br>Kansas City, MO 64141-9149<br>Fax: 816-581-7396 | Trade | | 1,554.20 |
| Atlanta Braves | PO Box 4064<br>Fax: 404-614-7391 | Trade | | 1,543.00 |
| RR Donelley Receivables, Inc. | PO Box 905151<br>Charlotte, NC 28290-5151<br>Fax: 312-326-7156 | Trade | | 1,280.00 |
| Selesource-Norcross | PO Box 921168<br>Norcross, GA 30010-1168<br>Fax: 678-990-1195 | Trade | | 1,270.02 |
| Certified Audit of Circulation | 155 Willowbrook Blvd.<br>Wayne, NJ 7470<br>Fax: 973-785-8341 | Trade | | 1,260.00 |
| Kelly Services, Inc. | PO Box 530437<br>Atlanta, GA 30353-0437<br>Fax: 248-822-3376 | Trade | | 1,202.04 |
| Deese Services | PO Box 50921<br>Albany, GA 31703<br>Fax: 229-535-4942 | Trade | | 1,180.60 |
| King Features | PO Box 409189<br>Atlanta, GA 30384-9189<br>Fax: 212-455-4300 | Trade | | 1,159.00 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:**<br><br>**TRIPLE CROWN MEDIA, LLC,**<br>**a Delaware corporation,**<br>Debtor<br><br><br>**725 Old Norcross Road**<br>**Lawrenceville, GA 30045**<br>**Employer Tax I.D. Number: 20-3012824** | **Chapter 11**<br><br>**Case No. 09-_____**<br><br>**Jointly Administered** |

## <u>DECLARATION UNDER PENALTY OF PERJURY - 30 LARGEST CREDITORS</u>

I, Mark G. Meikle, Executive Vice President and Chief Financial Officer of Triple Crown Media, Inc., the sole member of the corporation named as debtor in this case, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing consolidated list of the 30 largest unsecured creditors (the "Top 30 List") and that the Top 30 List is true and correct to the best of my information and belief.

Date: September 14, 2009

Signature: <u>/s/Mark. G. Meikle</u>
Mark G. Meikle
Executive Vice President and
Chief Financial Officer
Triple Crown Media, Inc. as Sole Member of
Triple Crown Media, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**TRIPLE CROWN MEDIA, INC.,** *et al.*,[1]<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 09-_____ (   )**<br><br>**Jointly Administered** |

## LIST OF CREDITORS

   Triple Crown Media, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), each filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Contemporaneously with the filing of their petitions, the Debtors filed a single consolidated list of creditors (the "Consolidated Creditors List"), in lieu of separate lists. Due to its voluminous nature, the Consolidated Creditors List is being submitted to the Court electronically under separate notice in accordance with the rules of Bankruptcy Procedure for filing in this chapter 11 case.

<br>

Dated: September 14, 2009    MORRIS, NICHOLS, ARSHT & TUNNELL LLP
    Wilmington, Delaware

                _____
                Robert J. Dehney (#3578)
                Gregory T. Donilon (#4244)
                1201 N. Market Street
                P.O. Box 1347
                Wilmington, DE  19899-1347
                Tel:  (302) 658-9200
                Fax:  (302) 658-3989

                *Proposed Attorneys for Debtors and Debtors-in-Possession*

3116006.1

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Triple Crown Media, Inc. (2824), Triple Crown Media, LLC (2824), BR Acquisition Corp. (8679), BR Holding, Inc. (7599), Datasouth Computer Corporation (9261), Gray Publishing, LLC (7061), and Capital Sports Properties, Inc. (6084).  The service address for all of the Debtors for purposes of these chapter 11 cases is:  725 Old Norcross Road, Lawrenceville, GA 30045.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **TRIPLE CROWN MEDIA, LLC,** | **Case No. 09-_____** |
| **a Delaware corporation,** | |
| **Debtor** | **Jointly Administered** |
| **725 Old Norcross Road** | |
| **Lawrenceville, GA 30045** | |
| **Employer Tax I.D. Number: 20-3012824** | |

## DECLARATION REGARDING CREDITOR LIST

I, Mark G. Meikle, Executive Vice President and Chief Financial Officer of Triple Crown Media, Inc., the sole member of the corporation named as debtor in this case, declare under penalty of perjury under the laws of the United States of America that I have read the Creditor List submitted herewith and that it is true and correct to the best of my information and belief.

Date: September 14, 2009          Signature  */s/Mark G. Meikle*
                                    Mark G. Meikle
                                    Executive Vice President and Chief Financial Officer of
                                    Triple Crown Media, Inc., the Sole Member of Triple
                                    Crown Media, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **TRIPLE CROWN MEDIA, LLC,** a Delaware corporation, Debtor | Case No. 09-_____ |
| | Jointly Administered |
| **725 Old Norcross Road** **Lawrenceville, GA 30045** **Employer Tax I.D. Number: 20-3012824** | |

## EQUITY HOLDERS TRIPLE CROWN MEDIA, LLC

Triple Crown Media, Inc.                    100%

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**TRIPLE CROWN MEDIA, LLC,**<br>a Delaware corporation,<br>Debtor<br><br><br>**725 Old Norcross Road**<br>**Lawrenceville, GA 30045**<br>**Employer Tax I.D. Number: 20-3012824** | **Chapter 11**<br><br>**Case No. 09-_____**<br><br>**Jointly Administered** |

## DECLARATION REGARDING LIST OF EQUITY SECURITY HOLDERS

    I, Mark G. Meikle, Executive Vice President and Chief Financial Officer of Triple Crown Media, Inc., the sole member of the corporation named as debtor in this case, declare under penalty of perjury under the laws of the United States of America that I have read the List of Equity Security Holders submitted herewith and that it is true and correct to the best of my information and belief.


Date: September 14, 2009    Signature   /s/Mark G. Meikle
                                    Mark G. Meikle
                                    Executive Vice President and Chief Financial Officer of Triple Crown Media, Inc., the Sole Member of Triple Crown Media, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **TRIPLE CROWN MEDIA, LLC,** a Delaware corporation, Debtor | Case No. 09-_____ |
| | Jointly Administered |
| 725 Old Norcross Road Lawrenceville, GA 30045 Employer Tax I.D. Number: 20-3012824 | |

## CORPORATE OWNERSHIP STATEMENT OF DEBTOR
## TRIPLE CROWN MEDIA, LLC

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rule of Bankruptcy Procedure,

Debtor, Triple Crown Media, LLC ("TCM LLC") hereby states that effective September 14,

2009 the following corporations directly or indirectly own more than 10% of the equity in TCM

LLC.

| Name and Address of Stockholder | Type of Stock | Percentage of Interest |
|---|---|---|
| Triple Crown Media, Inc. 725 Old Norcross Road Lawrenceville, GA 30045 | | 100% |

Dated: September 13, 2009

/s/Mark G. Meikle
Name: Mark G. Meikle
Title: Executive Vice President and Chief
Financial Officer, Triple Crown
Media, Inc.
Sole Member of Triple Crown
Media, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**TRIPLE CROWN MEDIA, LLC,**<br>a Delaware corporation,<br>Debtor<br><br><br>**725 Old Norcross Road**<br>**Lawrenceville, GA 30045**<br>**Employer Tax I.D. Number: 20-3012824** | Chapter 11<br><br>Case No. 09-_____<br><br>Jointly Administered |

## DECLARATION REGARDING CORPORATE OWNERSHIP STATEMENT

I, Mark G. Meikle, Executive Vice President and Chief Financial Officer of Triple Crown Media, LLC, the sole member of the corporation named as debtor in this case, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Corporate Ownership Statement submitted herewith and that it is true and correct to the best of my information and belief.

Date: September 14, 2009

Signature     /s/Mark G. Meikle
                             Mark G. Meikle
                             Secretary and Chief Financial Officer, Triple Crown Media, Inc., as Sole Member of Triple Crown Media, LLC